GARRETT, EUGENE S., Associate Judge,
dissenting:
The trial court entered judgment by which a prescriptive easement as to parcel one was found in favor of the plaintiffs. I find that that portion of the judgment is supported by both the facts and the law, and since reversible error has not been demonstrated, the same should be affirmed.
Platt, because it involves an attempt to perfect a prescriptive right over the entirety of the lots in question, is distinguishable from the case at bar which involves only a portion of the defendants’ land.
The raising of animals ordinarily necessitates fencing and supportive structures. While it is true that an easement does not involve complete dominion over the premises, limited dominion is permissible depending on the character of the easement when necessary for the utilization of the claimed use.
Further, there is no indication that the intended use cannot be exercised in common with the property rights of the owner which defeats the argument that the defendants are totally excluded from the property.
The trial court further entered judgment by which the defendants’ title to parcel two was quieted against the aforesaid claim of the plaintiffs. The trial judge ruled that no prescriptive easement was established since the plaintiffs never intended to take parcel two away from anyone.
To deny a prescriptive easement solely on the lack of intent on the part of the plaintiffs to deprive the defendants of parcel two is error since such intent is irrelevant. Seaboard Air Line Railroad v. California Chemical Company, 210 So.2d 757 (Fla. 4th DCA 1968).
The facts and law applicable to the trial court finding a prescriptive easement as to parcel one are likewise applicable to finding that a prescriptive easement was established also as to parcel two.
Accordingly, the final judgment as to parcel one should be affirmed and as to parcel two should be reversed and remanded with directions to enter judgment establishing a like prescriptive easement in favor of the plaintiffs.